UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CIV-24105-GAYLES
MAGISTRATE JUDGE P.A. WHITE

ALBERIC ISREAL,
o/b/o A.I. and E.I.,            :
minor children,

      Plaintiff,          :          PRELIMINARY REPORT
                                      OF MAGISTRATE JUDGE
v.                               :

City of North Miami Beach,       :
et al.,
      Defendants.        :
_____

Introduction

    The plaintiff Alberic Isreal, currently housed at Dade Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1]. This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis* and seeks redress from a government entity or officer or employee of a governmental entity.

Standard of Review

    As amended, 28 U.S.C. §1915 of the Prison Litigation Reform Act, which permits *in forma pauperis* proceedings, reads in pertinent part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –

1

>    \*   \*   \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

>    Section 1915A of the PLRA further provides:
>
>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(a), (b).

A complaint is frivolous under the PLRA "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11th Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v.

3

Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964). When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

Finally, before a complaint is dismissed as frivolous or for failure to state a claim upon which relief can be granted under the PLRA, a pro se plaintiff should generally be permitted to amend the complaint in an attempt to cure pleading deficiencies, if possible. "Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15." Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(citations omitted).  However, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999); see also Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir.2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile) (*citing*, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.2007); Allen v. Evans, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002)).

---

[1] Application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

Procedural and Factual Background[2]

The instant complaint appears to be at least the third action pursuant to § 1983 that Plaintiff has filed in connection with his arrest by Detective Joseph Kissel of the North Miami Police Department on November 16, 2005.

First, on September 10, 2007,[3] Plaintiff sued Sheriff Robert Parker and Detective Kissel for allegedly illegally seizing and converting a variety of Plaintiff's personal property when Plaintiff was arrested by Detective Kissel on November 16, 2005. Alberic v. Sheriff Robert I. Parker, et al., Case No. 07-Civ-22579-Lenard (S.D. Fla.). Specifically, Plaintiff took issue with the events that occurred in connection with his Florida State criminal case number F 05 035807. Id., DE#1, p.1 (case caption). That § 1983 case was dismissed. Id., DE#12. Petitioner never objected to the dismissal, nor did he appeal.

Then, on September 26, 2012, Plaintiff, purportedly together with his wife, filed another § 1983 action against the City Of North Miami Beach Police Chief Clint Shannon, Detective Kissel, and Assistant State Attorney Helen Page. Alberic v. City of North Miami, et al., Case No. 12-Civ-23581-Ungaro. Plaintiff again complained of events that occurred after he was involved in a shooting on November 16, 2005. Id., DE#11. Plaintiff again

---

[2] The Court takes judicial notice of information contained in the on-line docket maintained by the Clerk of the Court for the United States District Court for the Southern District of Florida. See Fed.R.Evid. 201(b) (providing that the Court may take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

[3] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see also Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(setting forth the "prison mailbox rule").

alleged that he had property illegally seized and converted, and this time further alleged that Defendants Shannon and Page were equally liable for these claims. Id. Plaintiff also added allegations that, during the course of Plaintiff's criminal proceedings resulting from the incident, Plaintiff's wife (the victim) refused to admit that the incident was anything other than an accidental shooting. Id. He further alleged that a material witness warrant was issued for his wife, and that Detective Kissel removed his two minor children from Plaintiff's home. Id. According to Plaintiff, Detective Kissel, Chief Shannon and Prosecutor Page were all complicit in a variety of actions that rendered them liable for ensuing damages and distress resulting from, among other things, the treatment of his wife and alleged false imprisonment and kidnapping of his children. See, generally, Id.

Plaintiff appended a Notice Of Intent to Sue that he had filed in Florida State Court in civil case number 10007915CA01 to his amended complaint in his second § 1983 action. Id. at p.54 of image scanned in CM/ECF. This notice reveals that Plaintiff was again complaining regarding the events that occurred in connection with his underlying criminal case, number F 05 035807. Id.

Thereafter, Plaintiff filed a copy of a Motion for Voluntary Dismissal in his second § 1983 action that he had filed in his state civil proceeding regarding the same indicent. Id. at DE#15. The District Judge construed this as a notice of voluntary dismissal, filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), which provides for voluntary dismissal without a court order. Id. DE#16. The Court thus ordered that all pending motions and matters be denied as moot, and that Plaintiff's second § 1983 case be close. Id. And again, Plaintiff did not object to the dismissal, nor did he appeal.

6

Now, on September 20, 2016, Plaintiff has yet again sued City Of North Miami Beach Police Chief Clint Shannon, Detective Kissel, and Assistant State Attorney Helen Page pursuant to § 1983, this time purportedly on behalf of his minor children. DE#1. Plaintiff again alleges that the defendants failed to return his personal property, and again alleges that his children were falsely arrested and imprisoned. Id.

### Discussion

Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose. Burnett v. Grattan, 468 U.S. 42, 49, 104 S.Ct. 2924, 2929, 82 L.Ed.2d 36, 44 (1984). The most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Because the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. See Fla. Stat. § 95.11; see also McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir.) ("[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought"), cert. denied, 128 S.Ct. (2008). To dismiss a prisoner's complaint as time-barred prior to service, it must "appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir.2003) (quotation omitted).

Here, the Court need not reach to propriety of Plaintiff's filing of this action on behalf of his minor children. That is because this action is filed well beyond the applicable four (4)

7

year statute of limitations.  Indeed, as set forth above, Plaintiff filed this same exact claim alleging the illegal seizure and conversion, as well as the alleged false arrest and imprisonment of his children, over four (4) years ago in case number 12-Civ-23581-Ungaro.  Thus, regardless of who the proper Plaintiffs are, it is clear that the facts underlying the claims accrued and were known more than four (years) ago, and that the limitations period has thus long expired.  Indeed, any fair reading of Plaintiff's previous lawsuits reveals that any potential Plaintiff has known about these alleged acts since Plaintiff was arrested in 2005, for over ten (10) years.  It thus appears beyond a doubt from the complaint itself that Plaintiff can prove no set of facts which would avoid a statute of limitations bar.  As such, his complaint as is subject to dismissal as time-barred prior to service. Hughes, 350 F.3d at 1163; see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999) (denial of leave to amend is justified by futility ); Nelson v. Bailey, No. 8:09-CV-1526-T-30TGW, 2009 WL 2448276, at *1 (M.D. Fla. Aug. 11, 2009)("[Because] it is apparent from the face of the complaint that it is barred by the statute of limitations[,] the complaint is subject to dismissal as frivolous.").

## Conclusion

Based on the foregoing, it is recommended that the complaint be DISMISSED in its entirety as frivolous pursuant to 28 U.S.C. §1915(e)(2)(i) and 28 U.S.C. §1915A(b)(1) without leave to amend, and that the case be close..

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 17th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Alberic Israel
    M58911
    Dade Correctional Institution
    Inmate Mail/Parcels
    19000 SW 377th Street
    Florida City, FL 33034
    PRO SE